```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| ROY RICARDO BELL, | |
| Petitioner, | Civ. No. 19-21262 (NLH) |
| v. | OPINION |
| DAVID ORTIZ, | |
| Respondent. | |

APPEARANCES:

Roy Ricardo Bell
78931-083
Fort Dix Federal Correctional Institution
PO Box 2000
Joint Base MDL, NJ 08640
    *Petitioner pro se*

HILLMAN, District Judge

    Petitioner Roy Ricardo Bell is presently confined at the Federal Correctional Institution ("FCI") at Fort Dix in Fort Dix, New Jersey.  He initially filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 in the United States District Court for the Eastern District of Virginia.  See ECF No. 1.  Petitioner challenges a sentencing enhancement he received from that court.  For the following reasons, the habeas petition will be summarily dismissed.

    I.    BACKGROUND

    On November 1, 2011, Petitioner pled guilty to conspiracy to distribute and possess with intent to distribute one kilogram

or more of heroin.  See Bell v. United States, Crim. No. 11-55-15, 2015 WL 11112408, at *1 (E.D. Va. Sept. 3, 2015). Petitioner's presentence report ("PSR") had a base level offense of 34, with a two-level enhancement for possession of a firearm. See id.  Petitioner's guideline range at sentencing was 188-235 months imprisonment.  See id.  On May 15, 2012, Petitioner received a sentence of 188 months imprisonment to be followed by five years of supervised release.  See id.

Thereafter, Petitioner filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  See id. Petitioner's motion raised several claims, including that his two-level firearm enhancement was incorrect because it was not noted in the indictment or the plea agreement.  See id.  The Eastern District of Virginia rejected this claim noting Petitioner should have raised it in his objections to the PSR, rather than in a § 2255 motion.  See id. at *3.  On appeal, the United States Court of Appeals for the Fourth Circuit denied a certificate of appealability.  See United States v. Bell, 627 F. App'x 200 (4th Cir. 2015).

In October, 2019, Petitioner filed this § 2241 habeas petition in the Eastern District of Virginia.  See ECF No. 1. Petitioner appears to make the same argument he made in his § 2255 motion in his § 2241 habeas petition, namely, that the two-level firearm enhancement is improper because it was not in his

2

indictment or plea agreement.  In December 2019, the Eastern District of Virginia transferred this action to this Court because Petitioner is incarcerated within this District at F.C.I. Fort Dix.  See ECF No. 3.

II.  STANDARD FOR SUA SPONTE SCREENING OF HABEAS PETITION

With respect to screening the instant habeas petition, 28 U.S.C. § 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

As Petitioner is proceeding pro se, his habeas petition is held to less stringent standards than those pleadings drafted by lawyers.  See Rainey v. Varner, 603 F.3d 189, 198 (3d Cir. 2010) ("It is the policy of the courts to give a liberal construction to pro se habeas petitions.") (internal quotation marks and citation omitted); United States v. Otero, 502 F.3d 331, 334 (3d Cir. 2007) ("we construe pro se pleadings liberally.") (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)).  Nevertheless, "a district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not

3

entitled to relief in the district court[.]" Lonchar v. Thomas, 517 U.S. 314, 320 (1996).

III. DISCUSSION

Petitioner seeks to have this Court review the criminal sentence entered by the Eastern District of Virginia in this § 2241 habeas petition. Generally, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. See Jackman v. Shartle, 535 F. App'x 87, 88 (3d Cir. 2013) (citing Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002)). This is generally true because § 2255 prohibits a district court from entertaining a challenge to a prisoner's federal sentence through § 2241 unless the remedy under § 2255 is "inadequate or ineffective." See 28 U.S.C. § 2255(e). Indeed, § 2255(e) states that:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such a court has denied him relief, unless it also appears that the remedy by the motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). A § 2255 motion is "inadequate or ineffective," which permits a petitioner to resort to a § 2241 petition, "only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from

4

affording him a full hearing and adjudication of his wrongful detention claim." Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (citations omitted).  However, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of ... § 2255." Cradle, 290 F.3d at 539 (citations omitted).  "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id. at 538 (citation omitted).  "The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." Id. at 539 (citing In re Dorsainvil, 119 F.3d 245, 251-52 (3d Cir. 1997)).

In Dorsainvil, the United States Court of Appeals for the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241, where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate[.]"  119 F.3d at 251.  Nevertheless, the Third Circuit emphasized that its holding was not suggesting that a § 2255 motion was "inadequate or ineffective" merely because a petitioner is unable to meet the strict gatekeeping requirements

5

of § 2255.  See id.  The "safety valve," as stated in Dorsainvil, is a narrow one and has been held to apply in situations where the prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law.  See Okereke, 307 F.3d at 120 (citing Dorsainvil, 119 F.3d at 251).

Petitioner does not allege facts bringing him within the Dorsainvil exception.  He does not allege that he had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate.  Instead, his claim is on the purported impropriety of his sentence - most notably a sentencing enhancement - not the crime for which he was convicted.  This is insufficient to meet the Dorsainvil exception.  See Davis v. Warden Allenwood, FCI, 818 F. App'x 147, 149 (3d Cir. 2020) (citing Gardner v. Warden Lewisburg USP, 845 F.3d 99, 103 (3d Cir. 2017)) (noting court has never applied Dorsainvil to issues at sentencing); see also Selby v. Scism, 453 F. App'x 266, 268 (3d Cir. 2011) ("Selby does not argue that he is innocent of the offense for which he was convicted; he argues that he is "innocent" of a sentencing enhancement because of an intervening change in law. Accordingly, the exception described in In re Dorsainvil does not apply.").

Petitioner argues he is entitled to proceed with this action because he is ignorant of the law.  However, this

6

argument is unavailing.  First, as indicated above, Petitioner's claim does not fall within the narrow circumstances the Third Circuit has permitted to pass through the <u>Dorsainvil</u> exception.  Furthermore, Petitioner already had the opportunity, and in fact did raise this claim in his § 2255 motion before the Eastern District of Virginia which rejected it.  Therefore, § 2241 is not the proper avenue for Petitioner to pursue this claim.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed."  28 U.S.C. § 1631.  This Court though will not transfer this action to the Fourth Circuit for its consideration as a request to file a second or successive § 2255 motion, particularly given Petitioner raised this claim in his previous § 2255 that was denied in the District Court and for which the Fourth Circuit denied a certificate of appealability.

IV. CONCLUSION

For the foregoing reasons, Petitioner's habeas petition will be summarily dismissed.  An appropriate order will be entered.

Dated: April 6, 2021             s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.